William Barker  (P#86703)
_____
Name and Prisoner/Booking Number
  California Health Care Facility
_____
Place of Confinement
  7707 S. Austin Road (POB 32050)
_____
Mailing Address
  Stockton, California 95213
_____
City, State, Zip Code

**FILED**

DEC 2 3 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

(Failure to notify the Court of your change of address may result in dismissal of this action.)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BARKER
_____,
(Full Name of Plaintiff)          Plaintiff,

                    v.

(1)  Mr. Osemwingie ( CNA)
_____,
(Full Name of Defendant)
(2)  Ms. Ramiscal ( CNA)
_____,

(3) _____,

(4) _____,
                    Defendant(s).

☐ Check if there are additional Defendants and attach page 1-A listing them.

)
)
)
)
)
)  CASE NO. **2̃16 - CV - 3008**  **CKD PC**
)      (To be supplied by the Clerk)
)
)
)
)
)        **CIVIL RIGHTS COMPLAINT**
)        **BY A PRISONER**
)
)  ☒ Original Complaint
)  ☐ First Amended Complaint
)  ☐ Second Amended Complaint

### A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:

☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

☐ Other: _____.

2.  Institution/city where violation occurred:  California Health Care Facility            .

## B. DEFENDANTS

1. Name of first Defendant: Mr. Osemwingie
   Certified Nurse Assistant    The first Defendant is employed as:
   at Calif. Health Care Facility .
   (Position and Title)    (Institution)

2. Name of second Defendant: Ms. Ramiscal
   Certified Nurse Assistant    . The second Defendant is employed as:
   at Calif. Health Care Facility .
   (Position and Title)    (Institution)

3. Name of third Defendant: N/A    . The third Defendant is employed as:
   at    .
   (Position and Title)    (Institution)

4. Name of fourth Defendant: N/A    . The fourth Defendant is employed as:
   at    .
   (Position and Title)    (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?    ☒ Yes    ☐ No

2. If yes, how many lawsuits have you filed? 3 . Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: Barker    v. Calif. Dept. Corrections
      2. Court and case number: #CV-14-2403-CKD (ED. Cal, 2014) .
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) pending
      .

   b. Second prior lawsuit:
      1. Parties: Barker    v. Calif. Dept. Corrections
      2. Court and case number: #CV-13-1793-KJN (ED. Cal, 2013) .
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) pending
      .

   c. Third prior lawsuit:
      1. Parties: Barker    v. Yassmine.
      2. Court and case number: #CV-11-0246-LKK/GGH (ED. Cal, 2011) .
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) pending/rsolved
      .

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

## D. CAUSE OF ACTION

### CLAIM I

1.  State the constitutional or other federal civil right that was violated: U.S. Const., Amendment 8
    42 USC 1983., 28 USC 1367., (ADA/American Disability Act)

2.  **Claim I.** Identify the issue involved. Check **only one**. State additional issues in separate claims.

    ☒ Basic necessities      ☐ Mail      ☐ Access to the court      ☒ Medical care

    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation

    ☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.
    CLAIM#1 ('CRUEL & UNUSUAL PUNISHMENT)

    Defendants (OSEMWINGIE & RAMISCAL) violated Plaintiffs federal/state
    civil rights in their personal & official capacities by causing pain and
    injury illegally using a Hoyer-Lift w/ straps moving plaintiff from bed/chair
    to toilet. Plaintiff informed Defendants that foreign objects shrapnel
    located in genitalia/pelvic region that individual 2-3 staff-lift assis-
    tance is only required to life plaintiff from the wheel-Chair for other
    mobility movement. Defendants ignored Plaintiff request and insisted as
    Non-Physician/Non-Nurse Staff and as Certified Nurse Assistants (CNA)
    they knew best and were qualified to use Hoyer-Lift when only staff-Lift
    only assistance was required and is the norm for plaintiff/patient
    movement. Defendants caused physical, mental, emotional injury and pain.
    These events occured on 3/3/2015.

    See (EX#A & EX#C).

4.  Injury. State how you were injured by the actions or inactions of the Defendant(s).
    Defendants (OSEMWINGIE & RAMISCAL) caused physical, mental, emotional
    duress, stress, pain and injury to Plaintiff/Patient. Plaintiff request
    Declaratory Relief; Monetary Relief of $1-Million Dollars; Injunctive
    Relief.

5.  **Administrative Remedies:**

    a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?     ☒ Yes   ☐ No

    b. Did you submit a request for administrative relief on Claim I?     ☒ Yes   ☐ No

    c. Did you appeal your request for relief on Claim I to the highest level?     ☒ Yes   ☐ No

    d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____ N/A _____.

## CLAIM II

1. State the constitutional or other federal civil right that was violated: U.S. Const., Amendment 8
   42 USC 1983., 28 USC 1367., (ADA/American Disability Act) .

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☒ Basic necessities
   - ☐ Disciplinary proceedings
   - ☐ Excessive force by an officer
   - ☐ Mail
   - ☐ Property
   - ☐ Threat to safety
   - ☐ Access to the court
   - ☐ Exercise of religion
   - ☐ Other: _____
   - ☒ Medical care
   - ☐ Retaliation

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

CLAIM#2 (CRUEL & UNUSUAL PUNISHMENT)

Defendant (RAMISCAL) violated Plaintiffs federal/state civil rights in her personal & official capacity by causing pain and injury by illegally refusing/declining thru neglect or negation and derliiction of duty left plaintiff sitting on the toilet after performing urination and defication function. Plaintiff activated the Call-Toilet button for medical assistance and defendant (RAMISCAL) after assisting plaintiff from wheelchair to toilet at 950pm; plaintiff activated call-button at 955pm and while (CNA/Ramiscal) was charging plaintiff/patient until 10pm from 3nd Watch to 1st Watch Shift-Change; plaintiff reactivated the call-button at 10pm and without retuning for assistance defendant (RAMISSAL) abandon post and left for home leaving plaintiff/patient on the toilet. Approximately at 10:10pm (20-minutes) later after being stuck sitting on the toilet, the 1st Watch/Staff (CNA/Certifited Nurse Asst.) finally extracted plaintiff/patient from the toilet to return to bed for rest after being in physical pain with back, hips, thighs, and legs hurtigg and numb from the 20-minute toilet sitting.

See (EX#B & EX#C).

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s). Defendant (RAMISCAL) caused physical, mental, emotional duress, stress, pain and injury to plaintiff/patient. Plaintiff request Declaratory Relief; Monetary Relief of $1-Million Dollars; Injunctive Relief.

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your
      institution?                                                        ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim II?      ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
      did not.  N/A _____

4

## CLAIM III

1.  State the constitutional or other federal civil right that was violated: _____
    **N/A**                                                                    .

2.  **Claim III.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
    ☐ Basic necessities          ☐ Mail              ☐ Access to the court     ☐ Medical care
    ☐ Disciplinary proceedings   ☐ Property          ☐ Exercise of religion    ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____ .

3.  **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

    PLAINTIFF REQUESTED HELP FROM MEDICAL STAFF to USE TOILET IN MY CELL AS A FULL TIME D.P.W WHEELCHAIR USER AND MEDICAL DISABILITYES REQUIRE TWO MEDICAL STAFF To ASSIST HIM IN OUT OF HIS WHEEL CHAIR TO ACCESS BED, TOILET SHAWER ANY MOVEMENT IN OR OUT OF HIS WHEELCHAIR. ON THE DAY OF THIS INCIDENT ON OR ABOUT 3-9-15 C.N.A OSEMWINGSE, MR. & C.N.A. MC.RAIMSCAL RESPONDED TO MY REQUEST FOR ASSISTANCE TO USE MY CELL TOILET WITH A HOYA LIFT. I STATED THE HOYA LIFT WILL CAUSE PAIN UNDER MY TESTICULES/GROWN AREA WHERE I HAVE A BULLET AT. I WAS TOLD IF YOU DON'T LET US USE THE HOYA LIFT MEDICAL STAFF WOULDN'T HELP ME. I WAS THEN HOOKED UNDER EACH ARM WITH THE HOYA LIFT WHILE SITTING IN MY WHEELCHAIR AS SOON AS THE HOYA LIFT BEGAN TO LIFT ME UNDER EACH ARM AND MY BUTT CLEARED MY WHEELCHAIR SEAT APPROX 6 INCHES MY BACK MADE A LOUD POPING SOUND I YELLED OUT IN PAIN WAS LOWERED BACK INTO MY WHEELCHAIR BY STAFF MENTIONED ABOVE AND UNHOOKED FROM HOYA LIFT. I REQUESTED MEDICAL TREATMENT FOR THE PAIN IN MY BACK FROM MEDICAL STAFF THE ABOVE MENTIONED STAFF LEFT AND I DIDN'T SEE DOCTOR FOR HOURS. PLEASE SEE ATTACHED MEDICAL PAPPER WORK ON ISSUE IN EXIBITS OF THIS 1983 ATTACHED

4.  **Injury.** State how you were injured by the actions or inactions of the Defendant(s).
    **N/A**
    _____
    _____

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Claim III?          ☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Claim III to the highest level?  ☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
        _____ .

**If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.**

## E. REQUEST FOR RELIEF

State the relief you are seeking:
DECLARATORY RELIEF: Declare civil rights violation of laws.
INJUNCTIVE RELIEF: Declare for plaintiff to receive Staff-Lift only
assistance; and future removal of Toilet via Staff after use immediately.
MONETARY RELIEF: $1-Million relief from Defendant (OSBRWINGIB) and for
$2-Million relief from Defendant (RAMISCAL).
ATTORNEY & EXPERT WITNESS FEES: Request for Attorney & Expert Witness
fees for pre-trial, trial, and post-trial litigation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___6/25/2016_____

       DATE

                        SIGNATURE OF PLAINTIFF
                        WILLIAM BARKER

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.







# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Date:** AUG 1 3 2015

**To:** BARKER, WILLIAM (P86703)
California Health Care Facility
P.O. Box 32050
Stockton, CA 95213

**From:** California Correctional Health Care Services
Inmate Correspondence and Appeals Branch
P.O. Box 588500
Elk Grove, CA 95758

**Tracking/Log # :**   CHCF SC 15000344

This Staff Complaint appeal was reviewed by Inmate Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is denied. This decision exhausts your administrative remedies.

## APPEAL ISSUES:

You stated before March 3, 2015, Certified Nursing Assistant (CNA) Osemwingie assisted you by lifting you under one arm with the help of one other unnamed medical staff under your other arm to transfer you from your wheelchair to the toilet or your wheelchair to your bed due to pain from a bullet under your scrotum, back pain, and hip pain. You alleged on March 3, 2015, CNA Osemwingie insisted on lifting you with a Hoyer lift against your will, knowing you already had back problems. You contended CNA Osemwingie refused to listen to your medical needs or concerns. You contended CNA Osemwingie and CNA Ramiscal placed the Hoyer lift straps under each side of your arms and affixed them to the Hoyer machine without placing a strap between your legs. You stated CNA Osemwingie then pressed the Hoyer lift button and the machine began to pull your body out of your wheelchair. You alleged that once your body cleared your wheelchair seat you screamed out in pain due to your back "popping". You contended you had been lifted out of your wheelchair seat approximately six inches then were placed back into your wheelchair. You contended you requested immediate medical attention from Registered Nurse (RN) Coloma, CNA Osemwingie, CNA Ramiscal, and Correctional Officer (CO) Gonzales. You contended the alleged incident occurred at approximately 6:00 pm but you were not seen until approximately 8:30 pm only after RN Qamer came to your cell. You stated CNA Osemwingie should have never hooked you to the Hoyer lift.

You requested to receive follow up care for your back from popping and becoming reinjured on March 3, 2015; and to know why CNA Osemwingie would put you into a Hoyer lift against your will, knowing you had preexisting back problems, which you contended caused you further injury.

During your interview with Supervising Registered Nurse (SRN) II Mathew on April 10, 2015, it was reported that you additionally requested to be provided a lie detector test to prove your allegations and to be transferred to a different institution.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

You indicated your appeal warranted emergency consideration. Following a review of the appeal issue(s), your appeal was found not to have met emergency criteria as described in the California Code of Regulations (CCR), Title 15, Section 3084.9(a)(1). Therefore, your appeal was processed as a routine matter.

Your appeal was deemed a staff complaint by the institutions hiring authority. The Director's Level Examiner reviewed the Confidential Inquiry, supporting documents and your appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules and policies. Any report generated or action taken regarding a staff complaint is confidential. As such, no matters related to staff shall be shared with other staff, inmates or the public.

Your complaint was referred for a Staff Complaint Inquiry. The supervisor's inquiry into the matter concluded staff did not violate CDCR policy. Review of the inquiry documents and all supporting documents demonstrated you were interviewed on April 10, 2015, and CNA Osemwingie was interviewed on April 10, 2015. Your electronic Unit Health Record was reviewed. The content of the inquiry supported the conclusion determined.

This appeal response is only addressing your allegations against CNA Osemwingie. Review of the Health Care Appeals and Risk Tracking System (HCARTS) demonstrated your allegations against CNA Ramiscal are duplicate issues to that in appeal log number CHCF SC 15000350, *alleging on March 3, 2015, CNA Ramiscal caused you injury by inappropriately using the Hoyer lift against your will,* for which you have already received a DLR decision exhausting your administrative remedies and will not be addressed in this appeal response. Be advised per the CCR, Title 15, Section 3084.6(c)(2), an appeal which duplicates an appeal upon which a decision has been rendered or is pending is subject to cancellation; and 3084.6(a)(5), erroneous acceptance of an appeal at a lower level does not preclude the next level of review from taking appropriate action, including rejection or cancellation of the appeal.

You requested to receive follow up care for your back from popping and becoming reinjured on March 3, 2015. Your appeal was categorized as a staff complaint and this request is a medical issue unrelated to your allegation of staff misconduct, and you were directed in the Staff Complaint Response dated April 22, 2015 to resubmit as separate appeal if you wished to pursue the request pursuant to the CCR, Title 15, Section 3084.9(i)(2). Therefore, this request will not be addressed in this appeal.

Housing/transfers issues are a custody determination and should be addressed with your Correctional Counselor, other appropriate custody staff, or through the Institutional Classification Committee (ICC) process.

You requested to know why CNA Osemwingie would put you into a Hoyer lift against your will, knowing you had preexisting back problems, which you contended caused you further injury. The finding from the Confidential Inquiry did not support your allegations that CNA Osemwingie inappropriately used the Hoyer lift or deliberately caused you injury on March 3, 2015; therefore, there is no further explanation that is necessary.

It is not in the purview of inmates to request specific action taken in regards to the conduct of the inquiry or in regards to disciplinary action against personnel. The CCR, Title 15, Section 3084.9(i) and the CDCR Operations Manual specify the requirements necessary to conduct a staff complaint inquiry. Further, personnel action taken against employees is confidential and will not be shared with inmates, staff or the public. Therefore, your request to be provided a lie detector test shall not be addressed as you have been provided all information to which you have a right under the CCR, Title 15, Section 3084.9(i).

It is noted you added additional issues at the Director's Level of Review; specifically, *you alleged assigning SRN II Mathew as interviewer to this appeal was a conflict of interest because she is a "litigant"; you alleged SRN II Mathew purposefully omitted everything you stated during your interview in the Second Level Response, and you requested to be re-interviewed.* It is not appropriate to expand the appeal beyond the initial problem and or

requests, however, these issues will be addressed. Documentation in the Confidential Inquiry supports that you were interviewed on April 10, 2015 by SRN II Mathew and the content of the interview is as cited in the Second Level Response. There is no evidence to support that you voiced additional statements or that such information was omitted from the Second Level Response by SRN II Mathew. Further, you were interviewed by appropriate staff in accordance with the guidelines set forth in the CCR, Title 15, Section 3084.7, and there is no indication that SRN II Mathew's assignment was a conflict of interest as there is no indication you named SRN II Mathew's as an involved party to your allegations in your appeal forms.

The CCR, Title 15, Section 3084.7 (d) states, "At least one face to face interview shall be conducted with the appellant at the first level of review, or the second level if the first level of review is bypassed." You were interviewed at the second level of review by appropriate staff on April 10, 2015, regarding your appeal issues.

After review, there was no compelling evidence that warranted intervention at the Director's Level of Review as your staff complaint was processed in accordance with CDCR policy and the California Code of Regulations, Title 15.

**RULES AND REGULATIONS:**

The rules governing these issues are: California Code of Regulations, Title 15, Section 3001, 3004, 3084.1, 3270, 3271, 3350, 3354, and 3391; CDCR Operations Manual Section: 31140.14; and Inmate Medical Services Program Policies and Procedures.

**ORDER:**

No changes or modifications are required by the institution.


J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

Template Date 4/4/2012                                                          Attachment E-1
State of California                                                    Department of Corrections and Rehabilitation

# Memorandum

*SENT IN ERROR*
*Returned 6/12/15*
*S. Henderson*

Date : April 22, 2015.

To : BARKER, W.    CDC# P86703          **DOCUMENT EFFECTIVE**
D1B-105                                 **COMMUNICATION**
California Health Care Facility

Subject: **STAFF COMPLAINT RESPONSE - APPEAL #CHCF SC15000344 *SECOND* LEVEL RESPONSE**

APPEAL ISSUE: Allegations that C.N.A OSEMWINGIE, did the following:    1) WILLFULL AND DELIBERATE INFLICTION OF PAIN. 2) DELIBERATE INDIFFERENCE TO MEDICAL NEEDS.
All issues unrelated to the allegation of continued medical neglect and staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE**: A review of the allegations of medical neglect and staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an Appeal Inquiry.
You were interviewed on April 10, 2015 by D. Mathew, SRN II and you stated that "on 03/03/2015 evening time I screamed with pain and none of them got me to see a doctor. They kept ignoring my call light. RN Qamer came to my door and asked me what happened? Qamer is the only one came to my cell and gave me medical assistance. RN Coloma, C.N.A Osemwingie and C.N.A Ramiscal ignored me. C.N.A Osemwingie is a cancer, he is a poison and C.N.A Ramiscal follows his direction. They should not have been used the Hoyer lift to transfer me. Osemwingie used a Hoyer lift and it caused me too much pain. He put the straps under each side of my arms and fixed. I asked them why are you using the Hoyer lift and they said that you told them to use it. Why don't you have a standing lift in this institution? I am requesting to be transferred me from this institution because these patients are not being treated properly. I don't know the custody, and the medical staffs are not treating these patients. I am requesting a lie detector test to prove what he said on 03/03/15".
**Your appeal is PARTIALLY GRANTED in that:**

> ➤ **The Appeal inquiry is complete/ has been reviewed and all issues were adequately addressed.**
> All documents provided were reviewed. No witnesses were listed in the documents. The following information was reviewed as a result of your allegations of medical neglect and staff misconduct: Unit Health Record, High Acuity Medical Housing Unit Nursing Staff Assignment Sheet and Appeal documents provided.

Page 2

Staff: **did** ☐ **did not** ☒ violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: _____D. Mathew SRNII_____ Sign: _____D. Mathew_____ Date: _O4·22·15_
Interviewer

Print: _____ Sign: _____ Date: _4/25_
Reviewing Authority



STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CDC 1858


ATTACHMENT
CHCF HC 15002883
SC 15000344

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement.

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes **a** departmental peace officer]  **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

*RECEIVED*
*MAR 12 2015*
*CHCF HC APPEALS*

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| BARKER, WILLIAM | Barker William | 3-9-15 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| BARKER WILLIAM | Barker William | P86703 | 3-9-15 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| | | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant


*RECEIVED*
*ICAB*
*JUN 26 2015*
*HC APPEALS*

EMERGENCY MED...
STAFF COMPLAINT

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**PATIENT-INMATE HEALTH CARE APPEAL**
CDCR 602 HC (REV. 6/13)                          SC 15000344    Page 1 of 2

| STAFF USE ONLY | | Institution: | Log #: | Category: |
|---|---|---|---|---|
| Emergency Appeal | ☐ Yes  ☒ No | CHCF | HC15002883 | 8 |
| Signature: I.S. Shaler RN   Date: 3/12/2015 | | | *FOR STAFF USE ONLY* | |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.        WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): BARKER WILLIAM | CDCR Number: P-86703 | Unit/Cell Number: D-1-B/105 Low | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
WILLFUL & DELIBERATE INFLICTION OF PAIN DELIBERATE INDIFFERENCE TO MY MEDICAL NEEDS

**SECTION A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): ALL BEFORE 3-3-15 CNR MR. STEPHEN OSEMWINGIE ASSISTED ME I/M BARKER WILLIAM P86703 WITH THE HELP OF ONE OTHER MEDICAL STAFF TO TRANSFER FROM MY WHEEL CHAIR TO THE TOILET OR MY WHEELCHAIR TO MY BED BECAUSE OF PAIN FROM A BULLET UNDER SCROTUM. BACK PAIN AND HIP PAIN. SEE 602-A

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A): (1) TO RECEIVE FOLLOW UP CARE FOR MY BACK FROM ROPING IT AND REINJURING MY BACK ON 3-3-15 WHILE BEING LIFTED BY CNA. MR. STEPHEN OSEMWINGIE BY ONLY MY SHOULDERS. (2) I WOULD LIKE TO KNOW WHY MR. STEPHEN OSEMWINGIE A TRAINED MEDICAL ASSISTANT WOULD SEE 602-A

☐ **Supporting Documents: Refer to CCR 3084.3.**
List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.):

☐ No, I have not attached any supporting documents. Reason:

Patient-Inmate Signature: Barker William    Date Submitted: MARCH-9, 2015
☐ By placing my initials in this box, I waive my right to receive an interview.

**SECTION C. FIRST LEVEL - Staff Use Only**        Check One: Is CDCR 602-A attached?  ☐ Yes ☐ No
This appeal has been:                    Check One: Is this a recategorized/converted 1824?  ☐ Yes ☐ No
☒ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction):  Date: ___ Date: ___ Date: ___ Date: ___
☐ Cancelled (See attached letter):  Date: ___
☐ Accepted   Assigned to: ___   Title: ___   Date Assigned: ___ Date Due: ___
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
Date of Interview: ___   Interview Location: ___
Your appeal issue is:  ☐ Granted  ☐ Granted in part  ☐ Denied  ☐ Other: ___
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☐ Yes ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: ___ (Print Name)  Title: ___ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: ___ Date completed: ___ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | |
| ☐ Not Applicable | ☐ Other | *See chrono/notes | Reviewer: ___ (Print Name)  Title: ___ |
| 4.Comments: | | | Signature: ___ |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date received by HCAC: ___ | Date closed and mailed/delivered to appellant: ___ |

RECEIVED
MAR 1 2 2015
CHCF HC APPEALS

RECEIVED
JUN 2 6 2015
1 CAB
HC APPEALS

Case 2:16-cv-02400-KJD   Document 1   Filed 12/23/16   Page 15 of 39

*CHCF BC 1500034A*

**SECTION D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

Patient-Inmate Signature: _____    Date Submitted: _____

| **SECTION E. SECOND LEVEL - Staff Use Only** | Check One: Is CDCR 602-A attached?   ☒ Yes  ☐ No |
|---|---|

This appeal has been:                Check One: Is this a recategorized/converted 1824?   ☐ Yes  ☒ No

☐ Bypassed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter):   Date: _____

☒ Accepted   Assigned to: __D - YARD__   Title: __SRN__   Date Assigned: __3/24/15__   Date Due: __4/23/15__

Second Level Responder: Complete a Second Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: __4/10/15__    Interview Location: __DIB - Room # 815__

Your appeal issue is:   ☐ Granted   ☒ Granted in part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☒ Yes  ☐ No |
|---|---|---|---|
| ☒ TABE score ≤ 4.0 | ☒ Additional time | ☒ PI asked questions | Interviewer: __D. Mathews__   Title: __SRN II__ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☒ PI summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: __D Mathew__   Date completed: __4-10-15__ |
| ☐ DNS ☐ DDP | ☒ Basic ☐ Transcribe | ☐ Not reached* ☒ Reached | |
| ☐ Not Applicable | ☐ Other* | *See chrono/notes | Reviewer: __[signature]__   Title: __CEO__ |
| 4. Comments: | | | (Print Name) |
| | | | Signature: __[signature]__ |

HCAC Use Only                           | HCAC Use Only
Date received by HCAC: _____       | Date closed and mailed/delivered to appellant: __4/24/15__

**SECTION F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758. If you need more space, use Section F of the CDCR 602-A.

① DISATISFIDE WITH SECOND LEVEL RESPONSE SEE MY UNIT HEALTH RECORDS DATED 3-4-15 SRN II D. MATHEWS INSTRUCTED CNA, OSEMWINGIE WHO I MENTIONED IN THIS STAFF COMPLAINT TO USE THE HOYA LIFT ON ME I/M BARKER ON 3-3-15 WHICH RESULTED IN ME BEING INJURED. ② SRN II D. MATHEWS WHO DID THE INTERVIEWED SEE 602-A

Patient-Inmate Signature: __Barke Will__    Date Submitted: __6-22-15__

**SECTION G. THIRD LEVEL - Staff Use Only**

☐ Rejected (See attached letter for instruction):   Date: _____  Date: _____  Date: _____  Date: _____

☐ Cancelled (See attached letter):   Date: _____

☒ Accepted at the Third Level of Review

Your appeal is:   ☐ Granted   ☐ Granted in part   ☒ Denied   ☐ Other: _____

See attached Third Level response.   | Third Level Use Only
                                      | Date closed and mailed/delivered to appellant: __AUG 13 2015__

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Patient-Inmate Signature: _____    Date Submitted: _____

Print Staff Name: _____   Title: _____   Signature: _____   Date: _____

STAFF USE ONLY

STAFF COMPLAINT

Case 2:16-cv-03008-CKD   Document 1   Filed 12/23/16   Page 16 of 39   Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| | | CHCF | HC 15002883 | 8 |

**FOR STAFF USE ONLY**

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.
Appeal is subject to rejection if one row of text per line is exceeded.          WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): BARKER, WILLIAM | CDC Number: P86703 | Unit/Cell Number: D1-B105LOW | Assignment: |
|---|---|---|---|

**A. Continuation of CDCR 602, Section A only (Explain your issue):** BY LIFTING ME WITH MINIMAL ASSISTANCE CNA. STEPHEN OSEMWINGIE LIFTING ME UNDER ONE ARM AND ANOTHER MEDICAL STAFF UNDER THE OTHER. ON 3·3·15 CNA. MR. STEPHEN OSEMWINGIE INSISTED ON LIFTING WITH A HOYA LIFT AGAIST MY WILL KNOWING I ALREADY HAD BACK PROBLEMS. CNA. MR. STEPHEN OSEMWINGIE REFUSED TO LISTEN TO MY MEDICAL NEEDS AND CONCERNS HOOKED ME UP TO A HOYA LIFT WITH JUST THE SUPPORT STRAPS UNDER MY ARMS. AS SOON AS CNA STEPHENS OSEMWINGIE AND CNR. MRS RAMISCAL PLACED THE STRAPS UNDER EACH SIDE OF MY ARMS AND AFFIXED THEN TO THE HOYA MACHINE. CNA. OSEMWINGIE HIT THE HOYA MACHINE BOTTON AND THE MACHINE BEGAIN TO PULL MY BODY OUT OF MY WHEELCHAIR. ONCE MY BODY CLEARED MY WHEELCHAIR SEAT I SCREAMED OUT IN PAIN DUE TO MY BACK POPPIN'S. I WAS LIFTED APPROX. 6IN OFF MY WHEELCHAIR SEAT. I WAS THEN PLACED BACK INTO MY WHEEL CHAIR. I REQUESTED MEDICAL ATTENTION EMEDIATELY FROM RN. S. COLOMA, CNA MR. STEPHEN OSEMWINGIE CNA MS. RAMISCAL AND C/o A. GONZALES. IT WAS APPROX 400PM 3·3·15 I WAS NOT SEEN UNTIL 8:30 PM OR SO ONLY AFTER RN. A. GAMER D·1·B SHIFF LEAD NURSE CAME TO MY CELL. CNA. MR. OSEMWINGIE SHOULDN'T OF NEVER HOOKED ME TO THE HOYA MACHINE.

Inmate/Parolee Signature: Barker Wilkins          Date Submitted: MARCH 9 2015

**B. Continuation of CDCR 602, Section B only (Action requested):** PUT ME A PATIENT HE NEW AlREADY HAD BACK PROBLEMS INTO A DIVICE SUCH AS THE HOYA LIFT AGAINST THE PATIENT WILL ③ WHEN I STATED TO CNA MR. OSEMWINGIE I FEARED THIS HOYA LIFT COULD INJURY MY BACK MORE AND THE BULLET UNDER MY TESTICULS ⑤ I. WAS TOLD BY ALL MEDICAL STAFF PRESENT MAINLY CNA. MR. STEPHEN OSEMWINGIE WHO WAS DOING THE MOST TALKING FOR ALL MEDICAL STAFF PRESENT. HE CNA. MR. OSEMWINGIE WASN'T STRAPPING THE HOYA LIFT DIVICE BETWEEN MY LEGS WHICH HE DID NOT ② CNA. MR. OSEMWINGIE AND CNA. MS. RAMISCAL ONLY STRAPED THE DEVICE AROUND MY ARMS UNDERNEATH FORCING ALL THE PRESURE ON MY BACK AS THE HOYA LIFT LIFTED MY BODY OUT OF MY WHEELCHAIR ⑥ AS A TRAINED PROFESSIONAL OPPERATING A MACHINE THAT LIFTS LIVE HUMAN BEINGS. CNA. MR. OSEMWINGIE SHOULD OF BEEN ABLE TO FORSEE THE POSIBILITY OF FULTHER INJURING A PERSON WITH A PRE EXISTING BACK INJURY MORE. ① WHY DID CNA MR. STEPHEN OSEMWINGIE DO THIS TO ME?

Inmate/Parolee Signature: Barker Wilk          Date Submitted: MARCH 9, 2015

· STATE OF CALIFORNIA
INMATE/PAROLEE APPEAL FORM ATTACHMENT   Document 1   Filed 12/23/16   DEPARTMENT OF CORRECTIONS AND REHABILITATION   Page 17 of 39
CDCR 602-A (08/09)

RECEIVED
MAR 1 2 2015
Side 2

CHIF SC 15D00344

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____   Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): OF THIS STAFF COMPLAINT ON CNA
OSEMWINGIE SEE MEMO DATED APRIL 22 2015 FROM SECOND LEVEL ARTHORED BY SRN II
D.MATHEWS THIS IS A CONFLICT OF INTRAEE BECAUSE SRN II D.MATHEWS INTERVIEW
WAS BIAS DUE TO HER BEING A LITIGANT SHE SHOULDN'T OF CONDUCTED THIS SECOND
LEVEL INTERVIEW. ② DURING MY INTERVIEW WITH SRN II D.MATHEWS PURPOSELY
OMMITTED TO WRITE EVERYTHING I STATED TO HER IN MY SECOND LEVEL
RESPONSE INTERVIEW ③ PLEASE ALLOW I/M BARKER TO BE REINTERVIEWED FOR HIS
SECOND LEVEL RESPONSE. ④ THE ACTIONS OF CNA OSEMWINGIE HOOKING
I/M BARKER ONLY UNDER HIS ARMS TO LIFT HIM WAS TOTALY A VIOLA
VIOLATION OF MY A.D.A to RIGHTS MY CIVIL RIGHTS DUE TO HOW I
WAS PURPOSELY TREATED IN A UNPROFESSIONAL MANNER RESULTING
IN MY BEING INJURED ON 3.3.15.
⑤ PLEASE ALSO NOT THIS H.C. 602 WAS NOT REISSUED TO
I/M BARKER UNTIL 6-12-15 SEE MRS.HENDESON SIGNITURE ON FRONT
OF THIS 602 H.C. VERIFINE THIS.

Inmate/Parolee Signature: Bark Willi   Date Submitted: 6-22-15







# CALIFORNIA CORRECTIONAL
# HEALTH CARE SERVICES



**Date:**        AUG 1 3 2015

**To:**        BARKER, WILLIAM (P86703)
            California Health Care Facility
            P.O. Box 32050
            Stockton, CA 95213

**From:**        California Correctional Health Care Services
            Inmate Correspondence and Appeals Branch
            P.O. Box 588500
            Elk Grove, CA 95758

**Tracking/Log # :**    CHCF SC 15000343

This Staff Complaint appeal was reviewed by Inmate Correspondence and Appeals Branch staff on behalf of the Deputy Director, Policy and Risk Management Services. All submitted information has been considered.

## DIRECTOR'S LEVEL DECISION:

Appeal is denied. This decision exhausts your administrative remedies.

## APPEAL ISSUES:

You alleged on March 9, 2015, Certified Nursing Assistant (CNA) Ramiscal left you on your ADA cell toilet and went home after you were placed on your toilet by CNA Ramiscal and another CNA at 9:50 p.m. You contended at 9:55 p.m. you pressed your call button by the toilet and CNA Ramiscal answered your call. You claimed you informed her you were done using the toilet and asked for help to get off the toilet. You alleged CNA Ramiscal told you she was charting and talking to the First Watch CNA and then disconnected the call. You claimed you waited until 10 p.m. and then pressed your call button again and informed the person you were stuck on your toilet and your back, hips, legs and thighs were hurting from sitting on the hard toilet seat. You alleged you were informed by the person on the speaker that she was the First Watch CNA and all Third Watch medical were gone. You contended you were left on the toilet in your cell until 10:10 p.m. when the five day a week African CNA and another CNA assisted you off your cell toilet. You stated you were in so much pain that you requested the registered nurse to get you some pain medication. You claimed CNA Ramiscal showed blatant disregard to your health and safety by leaving you on your toilet when she knows you suffer from back pain.

You requested the agency that hired CNA Ramiscal be notified, for CNA Ramiscal to be fired and to be seen by medical for pain/injuries caused by being left on the toilet.

## BASIS FOR DIRECTOR'S LEVEL DECISION:

Your appeal was deemed a staff complaint by the institutions hiring authority. The Director's Level Examiner reviewed the Confidential Inquiry, supporting documents and your appeal documents. Complaints against staff are taken seriously and all efforts are made to ensure these matters are thoroughly researched and responded to in accordance with governing laws, rules and policies. Any report generated or action taken regarding a staff complaint is confidential. As such, no matters related to staff shall be shared with other staff, inmates or the public.

Your complaint was referred for a Staff Complaint Inquiry. The supervisor's inquiry into the matter concluded staff did not violate CDCR policy. Review of the inquiry documents and all supporting documents demonstrated you were interviewed on April 10, 2015, Registered Nurse Coloma was interviewed on April 14, 2015, and CNA Ramiscal was interviewed on April 10, 2015. Your electronic Unit Health Record was reviewed. The content of the inquiry supported the conclusion determined.

You requested to be seen by medical for pain/injuries caused by being left on the toilet. Your appeal was categorized as a staff complaint and this request is a medical issue unrelated to your allegation of staff misconduct, and you were directed in the Staff Complaint Response dated April 17, 2015, to resubmit a separate appeal if you wish to pursue the request pursuant to Title 15 California Code of Regulations section 3084.9 (i)(2). Therefore, this request will not be addressed in this appeal.

It is not in the purview of inmates to request specific action taken in regards to the conduct of the inquiry or in regards to disciplinary action against personnel. Title 15 California Code of Regulations section 3084.9 (i) and the CDCR Operations Manual specify the requirements necessary to conduct a staff complaint inquiry. Further, personnel action taken against employees is confidential and will not be shared with inmates, staff or the public. Therefore, your request for the agency that hired CNA Ramiscal to be notified and for CNA Ramiscal to be fired shall not be addressed as you have been provided all information to which you have a right under Title 15 California Code of Regulations Section 3084.9(i).

It is noted you submitted one additional pages of documentation at the Director's Level of Review which has been stamped "Not Processed." Please be advised, per Title 15, Section 3084.3(a) An inmate or parolee shall obtain and attach all supporting documents, as described in section 3084(h), necessary for the clarification and/or resolution of his or her appeal issue prior to submitting the appeal to the appeals coordinator.

It is noted you added additional issues to your appeal at the Director's Level of Review; specifically, *you requested to be reinterviewed by someone in regards to this Second Level Response because it is a conflict of interest for Supervising Registered Nurse II (SRN II) Mathew to have been assigned this staff complaint.* It is not appropriate to expand the appeal beyond the initial problem and or requests, however, these issues will be addressed. Documentation in the Confidential Inquiry supports that you were interviewed on April 10, 2015 by SRN II Mathew and the content of the interview is as cited in the Second Level Response. You were interviewed by appropriate staff in accordance with the guidelines set forth in the CCR, Title 15, Section 3084.7, and there is no indication that SRN II Mathew's assignment was a conflict of interest as there is no indication you named SRN II Mathew as an involved party to your allegations in your appeal forms or during your interview.

The California Code of Regulations (CCR), Title 15, Section 3004 states, "Inmates and parolees have the right to be treated respectfully, impartially, and fairly by all employees... [E]mployees will not subject other persons to any form of discrimination because of race, religion, nationality, sex, political belief, age, or physical or mental handicap."

After review, there was no compelling evidence that warranted intervention at the Director's Level of Review as your staff complaint was processed in accordance with CDCR policy and the California Code of Regulations, Title 15.

## RULES AND REGULATIONS:
The rules governing these issues are: California Code of Regulations, Title 15, Section 3001, 3004, 3084.1, 3270, 3271, 3350, 3354, and 3391; CDCR Operations Manual Section: 31140.14, and Inmate Medical Services Program Policies and Procedures.

**ORDER:**

No changes or modifications are required by the institution.


J. Lewis, Deputy Director
Policy and Risk Management Services
California Correctional Health Care Services

· · ΐ 0f· 8

Attachment E-1

State of California

Department of Corrections and Rehabilitation

# Memorandum

Date  :   April 17, 2015.

To    :   BARKER, W. (P86703)
~~D1B~~ D-3-A-105
California Health Care Facility

DOCUMENT **EFFECTIVE**
COMMUNICATION



Subject:  **STAFF COMPLAINT RESPONSE - APPEAL #CHCF SC15000343 SECOND LEVEL RESPONSE**

APPEAL ISSUE:  Allegations that C.N.A RAMISCAL did the following:
1)  CONTINUED MEDICAL NEGLECT AND STAFF MISCONDUCT.

All issues unrelated to the allegation of continued medical neglect and staff misconduct must be appealed separately and will not be addressed in this response. You do not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by you in this complaint. If you are unable to name all involved staff you may request assistance in establishing their identity.

**DETERMINATION OF ISSUE**: A review of the allegations of medical neglect and staff misconduct presented in the written complaint has been completed. Based upon this review your appeal is being processed as an Appeal Inquiry.

You were interviewed on April 10, 2015 by D. Mathew, SRN II and you stated that "on 03/09/2015 at 2150 pm C.N.A Ramiscal and other C.N.A came to my cell and assisted me to use the rest room. I don't remember the name of the other person. At 2155pm called call light, C.N.A Ramiscal answered the call light and she said that she was charting and talking to first watch C.N.A Staff then disconnected the call light. At 2200 pm first watch C.N.A Camanda answered the call light. Why C.N.A Ramiscal did not come to assist me? She went home and forced me to stay on the toilet until 2210 pm. Next day I spoke to Ramiscal why did you leave me on the toilet? She said first watch custody officer would not come and open the door. She has the key why first watch custody officer has to open the door. Specifically I asked first watch custody officer C. Sabott did any medical staff or C.N.A asked to open the door then he said no".

**Your appeal is denied in that:**

> **The <u>Appeal inquiry</u> is complete/ has been reviewed and all issues were adequately addressed.**

All documents provided were reviewed.  No witnesses were listed in the documents. The following information was reviewed as a result of your allegations of medical neglect and staff misconduct: Unit Health Record, High Acuity Medical Housing Unit Nursing Staff Assignment Sheet and Appeal documents provided.

Staff: ***did not*** violate CDCR policy with respect to one or more of the issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.
- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.
- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print:_____D. Mathew SRNII_____ Sign: D Mathew Date: 04·17·15
Interviewer

Print: Jaclie Clark Sign: _____ Date: 4/20/15
Reviewing Authority



STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

CDC 1858

## ATTACHMENT

SC 15D003A3

CHCF HC 15002851

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement.

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
|---|---|---|
| BARKER, WILLIAM | Barker Willi | MARCH 10, 2015 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER / DATE SIGNED |
| BARKER, WILLIAM | Barker Willi | P86703 / MARCH 10 2015 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant



STATE OF CALIFORNIA Case 2:16-cv-03008-CKD   Document 1   Filed 12/23/16   Page 25 of 39 DEPARTMENT OF CORRECTIONS AND REHABILITATION

# PATIENT-INMATE HEALTH CARE APPEAL
CDCR 602 HC (REV. 6/13)

GC 15000343   Page 1 of 2

| STAFF USE ONLY | | | |
|---|---|---|---|
| Emergency Appeal ☐ Yes ☒ No | Institution: CHCF | Log #: ~~HC 1500 3564~~ | Category: |
| Signature: OsCalen R   Date: 3/7/2015 | | FOR STAFF USE ONLY | |

You may appeal any medical, mental health, or dental decision, action, condition, omission, policy or regulation that has a material adverse effect upon your welfare. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Health Care Appeals Coordinator (HCAC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**   **WRITE, PRINT, or TYPE CLEARLY.**

| Name (Last, First): BARKER, WILLIAM | CDCR Number: P-86703 | Unit/Cell Number: D3 D 105L | Assignment: |
|---|---|---|---|

State briefly the subject/purpose of your appeal (Example: Medication, To See Specialist, etc.):
CONTINUED MEDICAL NEGLECT AND STAFF MISCONDUCT BY CNA. MS RAMISCAL TOWARDS ME.

**SECTION A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): ON 3-9-15 CNA RAMISCAL LEFT APPELLANT I/M BARKER WILLIM P-86703 ON HIS AID A CELL TOILET AND WENT HOME. I/M BARKER WAS PLACED ON HIS TOILET BY CNA. MS RAMISCAL AND ANOTHER CNA ON 3-9-15 AT 9:50 PM. AT 9:55 PM I/M BARKER PRESSED HIS CALL BUTTON BY THE TOILET. SEE 602A

**SECTION B.** Action requested (If you need more space, use Section B of the CDCR 602-A): THIS WAS A WILLFUL ACT OF NEGLECT AND DISREGARD FOR MY HEALTH AND SAFETY BY CNA. MS RAMISCAL BY HER LEAVING ME I/M BARKER UNATTENDED ON MY TOILET AND THEN GOING HOME. CNA. MS RAMISCAL SHOWED DELIBERATE INDIFFERENCE TO MY HEALTH AND SAFETY BECAUSE SHE KEW  SEE 602 A

☐ Supporting Documents: Refer to CCR 3084.3.
   List supporting documents attached (e.g., Trust Account Statement; CDCR 7410, Comprehensive Accommodation Chrono; CDCR 7362, Request for Health Care Services; etc.): _____

☐ No, I have not attached any supporting documents. Reason : _____

Patient-Inmate Signature: Barker William   Date Submitted: MARCH 10, 2015

☐ By placing my initials in this box, I waive my right to receive an interview.

| SECTION C. FIRST LEVEL - Staff Use Only | Check One: Is CDCR 602-A attached? ☒ Yes ☐ No |
|---|---|
| This appeal has been: | Check One: Is this a recategorized/converted 1824? ☐ Yes ☒ No |

☒ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction):   Date: ____ Date: ____ Date: ____ Date: ____
☐ Cancelled (See attached letter):   Date: ____
☐ Accepted   Assigned to: ____   Title: ____   Date Assigned: ____   Date Due: ____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
   Date of Interview: ____   Interview Location: ____
Your appeal issue is:   ☐ Granted   ☐ Granted in part   ☐ Denied   ☐ Other: ____
See attached letter. If dissatisfied with First Level response, complete Section D.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted? ☐ Yes ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☐ P/I asked questions | Interviewer: ____ Title: ____ |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ P/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | **Please check one:** | Signature: ____ Date completed: ____ |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not reached* ☐ Reached | |
| ☐ Not Applicable | ☐ Other: ____ | *See chrono/notes | Reviewer: ____ Title: ____ |
| 4. Comments: ____ | | | (Print Name) |
| | | | Signature: ____ |

| HCAC Use Only | HCAC Use Only |
|---|---|
| Date RECEIVED by HCAC: ____ | Date closed and mailed/delivered to appellant: ____ |

RECEIVED MAR 16 2015 CHCF HC APPEALS
RECEIVED ICAB MAY 1 2 2015 HC APPEALS
STAFF USE ONLY

4 of 8

**SECTION D.** If you are dissatisfied with the First Level response, explain the reason below, attach supporting documents and submit to the Health Care Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

_Bypass_

Patient-Inmate Signature: _____    Date Submitted: _____

| **SECTION E. SECOND LEVEL - Staff Use Only** | Check One: Is CDCR 602-A attached?  ☑ Yes  ☐ No |

This appeal has been:                   Check One: Is this a recategorized/converted 1824?  ☐ Yes  ☑ No

☐ Bypassed at Second Level of Review. Go to Section G.

☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter):   Date: _____

☑ Accepted  Assigned to: D Yard   Title: SRN III  Date Assigned: 3/25/15  Date Due: 4/27/15

Second Level Responder: Complete a Second Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 4-10-15   Interview Location: on the unit

Your appeal issue is:  ☐ Granted  ☑ Granted in part  ☐ Denied   ☐ Other: _____

See attached letter.  If dissatisfied with Second Level response, complete Section F.

| 1. Disability Code: | 2. Accommodation: | 3. Effective Communication: | Interview conducted?  ☑ Yes  ☐ No |
|---|---|---|---|
| ☐ TABE score ≤ 4.0 | ☐ Additional time | ☑ F/I asked questions | Interviewer: P. Mathew   Title: SRN II |
| ☐ DPH ☐ DPV ☐ LD | ☐ Equipment ☐ SLI | ☐ F/I summed information | (Print Name) |
| ☐ DPS ☐ DNH | ☐ Louder ☐ Slower | Please check one: | Signature: D Mathew   Date completed: 04-17-15 |
| ☐ DNS ☐ DDP | ☐ Basic ☐ Transcribe | ☐ Not Reached ☑ Reached | |
| ☐ Not Applicable | ☐ Other* | *See chrono/FORM | Reviewer: Jaclie Chai   Title: _____ |
| 4.Comments: TABE - 2. | | | (Print Name) |
| | | | Signature: Jaclie Chai |

HCAC Use Only                          HCAC Use Only
Date received by HCAC: _____        Date closed and mailed/delivered to appellant: 4/24/15

**SECTION F.** If you are dissatisfied with the Second Level response, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Health Care Appeals, ATTN: Chief, Building C, P.O. Box 588500, Elk Grove, CA 95758.  If you need more space, use Section F of the CDCR 602-A.

DISSATISFIDE FOR ONE C/O C. SOBOTT 1st WATCH D-1'B C/O WAS'NT INTERVIE REGARDING THIS MATTER SINCE CNA. MRS. RAMISCAL CLAIM ON 3-10-15 FIRST WATCH C/O. C. SOBOTT WOULDN'T OPEN UP MY CELL DOOR FOR CNA. RAMISCAL TO TRANSFER I'M BARKER BACK OF THE TOILET. ② CNA. RAMISCAL SEE 602A

Patient-Inmate Signature: Barle Wilk   Date Submitted: 5-18-15

| **SECTION G. THIRD LEVEL - Staff Use Only** | |

☐ Rejected (See attached letter for instruction):   Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter):   Date: _____

☑ Accepted at the Third Level of Review

Your appeal is:  ☐ Granted  ☐ Granted in part  ☑ Denied   ☐ Other: _____

See attached Third Level response.    Third Level Use Only
Date closed and mailed and delivered to appellant  AUG 13 2015

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

Patient-Inmate Signature: _____    Date Submitted: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

STAFF USE ONLY

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (REV. 03/12)

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | CHCF HC 15002854 | | |
| | SL 15000243 | | |
| | | FOR STAFF USE ONLY | |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.   WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| BARKER, WILLIAM | P-86703 | D3A/105L | |

**A. Continuation of CDCR 602, Section A only (Explain your issue):** CNA. RAMISCAL ANSWERED MY
CALL BOTTON. I INFORMED CNA. RAMISCAL I WAS DONE USEING THE TOILET;
COULD I GET HELP OFF THE TOILET. CNA. MS. RAMISCAL STATED TO ME I/M
BARKER SHE CNA. RAMISCAL WAS CHARTING AND TALKING TO THE FIRST WATCH
CNA. CNA. MS. RAMISCAL THEN DISCONECTED THE CALL. I WAITED UNTIL
10:00 PM ON 3-9-15 PRESSED MY CALL BOTTOM WHILE STILL ON THE TOILET.
I INFORMED THE PERSON I WAS STUCK ON MY TOILET MY BACK HIPS
AND LEGS / THIGHS WAS HURTING FROM SITTING ON THE HARD TOILET
SEAT. I WAS THEN INFORMED BY THE PERSON ON THE SPEAKER SHE WAS THE
FIRST WATCH CNA. AND ALL THIRD WATCH MEDICAL STAFF WAS GONE
AND SHE WAS THE ONLY MEDICAL STAFF HEAR. I WAS LEFT ON THE TOILET
IN MY CELL UNTIL 10:10 PM ON 3-9-15 BY CNA MS. RAMISCAL WHO BY THIS TIME
HAD WENT HOME AT 10:00 PM THE FIVE DAY A WEEK AFRICAN CNA AND
ANOTHER CNA ASSISTED ME OFF MY CELL TOILET. I WAS IN SO
MUCH PAIN I REQUESTED THE RN TO GET SOME PRN PAIN MEDS.
CNA. MS. RAMISCAL SHOWED BLATANT DISREGARD TO MY HEALTH
AND SAFETY BY LEAVING ME ON MY TOILET WHEN CNA. MS. RAMISCAL
ALREADY KNOWS I SUFFER FROM BACK PAIN BECAUSE SHE WAS ORDERED
NOT TO USE THE HOYA LIFT BECAUSE OF BACK PAIN PROBLES AND OTHER PAIN
I HAVE.

Inmate/Parolee Signature: *Barker William*      Date Submitted: MARCH 10, 2015

MARCH 10, 2015

**B. Continuation of CDCR 602, Section B only (Action requested):** CNA. MS. RAMISCAL HAD BEEN INFORMED NOT TO USE
THE HOYA LIFT DUE TO MY HAVING BACK AND OTHER BODY PAIN. THIS IS WHY I SAY.
(3) THIS WAS A INTENTIONAL ACT BY CNA. MS. RAMISCAL TO HURT ME. (4) I ASK THAT
THE AGENCY THAT HIRED CNA. MS. RAMISCAL BE NOTIFIDE AND THAT CNA.
MS. RAMISCAL BE FIRED BECAUSE THIS IS NOT A ISOLATED INCIDENT
WHERE I'VE BEEN HURT AS A DISABLED PATIENT DUE TO CNA. MS. RAMISCAL
DELIBERATE DISREGARD FOR MY HEALTH AND SAFETY AS A SUPPOSELY
LICENCED CERTIFIDE NURSES ASSISTANT. (5) ITS ONLY A MATTER OF
TIME BEFORE CNA. MS. RAMISAL ACTIONS LEAD TO MY OR ANOTHER PATIENT
IN HER CARE BEING MAIMED OR KILLED DUE TO CNA. MS. RAMISCAL
UNSAFE CERTIFIDE NURSES ASSISTANCE UN PROFESSIONAL CONDUCT.
(6) TO BE SEEN BY MEDICAL FOR PAIN / INJURYS CAUSES BY BEING LEFT ON TOILET;

Inmate/Parolee Signature: *Barker William*      Date Submitted: MARCH 10, 2015

RECEIVED
MAR 16 2015
CHCF HC APPEALS

RECEIVED
CAB
MAR 22 2015
HC APPEALS

COMPLETED
CAB
AUG 13 2015
HC APPEALS

SC 15000243
CHCF HC 15002854

D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response): _____

Inmate/Parolee Signature: _____ Date Submitted: _____

F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response): PLACED I/M BARKER ON THE
TOILET REFUSED TO ASSIST HIM BACK OF THE TOILET ON 3-9-15 AFTER
I/M BARKER NOTIFIDE CNA RAMISCAL HE WAS DONE USING THE TOILET,
① CNA RAMISCAL NOT ONLY STATED SHE WAS CHARTING AND TALKING TO
FIRST WATCH CNA. MRS. COMMANDA WHEN CNA. RAMISCAL ANSWERED
I/M BARKER CALL LIGHT ON 3-9-15. CN A. RAMISCAL LEFT I/M BARKER
ON THE TOILET AND WENT HOME, WITH TELLING CNA COMMANDER
I/M BACKER WAS IN NEED OF ASSISTANCE TO GET OFF THE TOILET.
② IT SHOULD BE NOTED CNA. RAMISCAL HAD JUST HOOKED I/M
BARKER IN CORRECTLY UNDER HIS ARMS ONLY TO THE HOYOR LIFT RESULTING
IN INJURING I/M BARKER BACK LESS THAN A WEEK PRIOR ON 3-3-15
THEN ON 3-9-15 CNA RAMISCAL DELIBERLY WENT HOME AND LEFT I/M BARKER
ON THE TOILET. CLEARLY THIS IS STAFF MISCONDUCT. ④ SRN II D.
MATHEWS DIDN'T DO A THEROLED INVESTIGATION OF THIS INCIDENT
BECAUSE SRN II D. MATHEWS IS TRYING TO COVER UP CNA. RAMISCAL
UN PROFESSIONAL CONDUCT TOWARDS I/M BARKER BECAUSE
I/M BARKER IS LITIGATING AGAINST SRN II MATHEWS FOR TELLING CNA

Inmate/Parolee Signature: _____ Date Submitted: _____

RAMISCAL TO USE THE HOYOR LIFT ON I/M BARKER ON 3-3-15
SRN II D.    MATHEWS SHOULDN'T OF BEEN ASS. J  TO )
ASSIGHNED THIS MEDICAL 602    ITS A CONFLICT OF IN-

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

# ATTACHMENT

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): · (LAST NAME)          (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|
| BARKER , WILLIM | P-86705 | Barker William |

| HOUSING/BED NUMBER: | ASSIGNMENT: | |
|---|---|---|
| D1-B 105ᴸ | | HOURS FROM _____ TO _____ |

TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.):
UNLOCKING MY CELL DOOR FOR STAFF

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
C/O C. SOBOTT ON 1ˢᵗ WATCH ON MARCH 9 2015 OR JUST BEFORE THIRD WATCH
ENDED ON MARCH 9 2015 DID ANY MEDICAL CERTIFIED NURSES ASSISTANCE oi
MEDICAL STAFF PERIOD ASK YOU 40 C. SOBOTT TO OPEN MY CELL INMATE
BARKER WILLIAM P 86703 D-1-B 105 So THEY COULD HELP ME OFF OF THE
TOILET AND YOU TOLD THEM NO ?

---

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☐ SENT THROUGH MAIL: ADDRESSED TO: C/O C. SOBOTT                DATE MAILED: 3 /10 /15
☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| C/O M. PERRY | 3/11/15 | | (CIRCLE ONE)  YES  NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| C/O SOBOTT | 3/11/15 | (CIRCLE ONE)  IN PERSON  BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| C. Sobott | 3/12/15 | | 3/12/15 |

No.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

RECEIVED
I CAB
MAY 2 2 2015
HC APPEALS

NOT PROCESSED

STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| BARKER | WILLIAM | P-86708 | Barker Will |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| D-3-A-105L | T.M.D | | FILED H.C. 602 |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
PLEASE ALLOW I/M BARKER TO BE RE-INTERVIEWED BY SOME
ONE IN REGARDS TO THIS SECOND LEVEL RESPONSE.
IT'S A CONFLICT OF INTRANCE FOR SRN II MRS. D.
MATHEWS TO HAVE BEEN EVEN ASSIGNED H.C. 602 LOG#
CHCF-SC-15000343 TO ANSWER A SECOND LEVEL DUE
TO I/M BARKER LITIGATION AGAINST SRN II D.MATHEWS FOR
ORDERING CNA RANISCAL TO USE A HOYOR LIFT ON I/M BARKER WICH RESULTE
IN HIS BACK BEING INSURED

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☑ SENT THROUGH MAIL: ADDRESSED TO: 3RD LEVEL CHIEFF APPEALS OFFICE DATE MAILED: 5/8/15
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| B. White | 5.19.15 | | (CIRCLE ONE) YES NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| 3rd Level Chief Appeals office | 5.20.15 | (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

RECEIVED
ICAB
MAY 22 2015
HC APPEALS







Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
EDMUND G. BROWN JR., Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95811
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95812
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

MARYBEL BATJER
Secretary
Government Operations Agency
Chairperson

BETTY T. YEE
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

JULIE NAUMAN
Executive Officer

William Barker P86703
PO Box 32080
Stockton, CA 95213

May 19, 2016

RE: Claim G631530 for William Barker, P86703

Dear William Barker,

The Victim Compensation and Government Claims Board (Board) received your claim on April 27, 2016.
Board staff reviewed your claim and determined that the cause of action accrued 3-3-15 and 3-9-15.

The Board has no jurisdiction to consider the claim for the following reason(s):

Your claim was filed more than one year from the date of the incident that is the basis of the claim, and it is too
late for the Board to consider an application to present a late claim.

The Board will take no further action on your claim. If you have questions about this matter, please mention
letter reference 97 and claim number G631530 when you call or write your claim technician/analyst at (800)
955-0045 or (916) 491-3700.

Sincerely,

Government Claims Program
Victim Compensation and Government Claims Board

cc:

Ltr 97 No Jurisdiction

# Government Claim Form

**Government Claims Program**
**California Victim Compensation and Government Claims Board**
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 ▪ www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**
Claim No.:

## Is your claim complete?

- [ ] Include a check or money order for $25 payable to the State of California.
- [ ] Complete all sections relating to this claim and sign the form. Please print or type all information.
- [ ] Attach copies of any documentation that supports your claim. Please do not submit originals.

## Claimant Information *Use name of business or entity if claimant is not an individual*

| 1 | BARKER, WILLIAM    P-86703 | | 2 | Tel: N/A |
| | Last name        First Name       MI | | 3 | Email: N/A |

| 4 | C.H.C.F  P.O. Box 32080   D-1-8-105 | STOCKTON | CA | 95213 |
| | Mailing Address | City | State | Zip |

| 5 | Inmate or patient number, if applicable:  WILLIAM, BARKER C.D.C.R# P-86703 |
| 6 | Is the claimant under 18?  NO | If Yes, please give date of birth:    N/A |
| 7 | N/A |

*If you are an insurance company claiming subrogation, please provide your insured's name in section 7.*

| 8 | N/A |

*If your claim relates to another claim or claimant, please provide the claim number or claimant's name in section 8.*

## Attorney or Representative Information

| 9 | N/A | | 10 | Tel: N/A |
| | Last name        First Name       MI | | 11 | Email: N/A |

| 12 | N/A | N/A | N/A | N/A |
| | Mailing Address | City | State | Zip |

| 13 | Relationship to claimant: SELF |

## Claim Information

| 14 | Is your claim for a stale-dated warrant (uncashed check)?  ( ) Yes  (✓) No    If NO, skip to step 15. |
| | State agency that issued the warrant:  N/A |
| | Dollar amount of warrant:  N/A | Date of issue:  N/A |
| | N/A | | MM   DD   YYYY |
| 15 | Date of Incident:  3-3-15  AND  3-9-15 |
| | Was the incident more than six months ago? | ( ) Yes  (✓) No |
| | If YES, did you attach a separate sheet with an explanation for the late filing? | ( ) Yes  ( ) No |
| 16 | State agencies or employees against whom this claim is filed: C.H.C.F  JANE & JOHN DOE'S 1-25 AND CNA MR. STEPHEN OSEMWINGIE ALSO CNA MRS. RAMISCAL |
| 17 | Dollar amount of claim: |
| | If the amount is more than $10,000, indicate the type of civil case: ADA VIOLATIONS CIVIL RIGHT VIOLATIONS | ( ) Limited civil case ($25,000 or less)  (✓) Non-limited civil case (over $25,000) |
| | Explain how you calculated the amount: C.H.C.F  MEDICAL STAFF ON ABOUT 3-3-15 INJURED ME BY BOTH CNA MR. OSEMWINGIE & CNA MRS. RAMISCAL IMPROPERLY USING A NOVA LIFT ON ME. ON ABOUT 3-9-15 CNA MRS. RAMISCAL PURPOSELY LEFT ME AS A DISABLED INMATE ON THE AIDS TOILET AND WENT HOME ALSO INJURING ME. |

| 18 | Location of the incident: C.H.C.F    STOCKTON CA. IN MY CELL D-1-B-105 Low |
|----|----|

| 19 | Describe the specific damage or injury ① ON ABOUT 3-3-15 BOTH CNA. MR. OSEMWINGIE AND CNA. MRS. RAMISCAL HOOKED ME IMPROPERLY TO A HOYR LIFT AGAINST MY WILL RESULTING IN MY BACK POPING OUT. ② ON ABOUT 3-9-10 CNA MRS RAMISCAL LEFT ME ON A ADA TOILET AND WENT HOME WHILE I WAS STUCK ON THE TOILET UNABLE TO TRANSFER OFF THE TOILET ALONE, WHICH RESULTED IN MY BEING INJURED<br><br>PLEASE HEALTH CARE 602# C.H.C.F SC 15000344 AND HEALTH CARE 602# CHCF SC 15000343 AS THEY WILL CLEARLY SHOW THE MISCONDUCT I WAS SUBJECTED TO BY ABOVE MENTIONED C.H.C.F MEDICAL STAFF RESULTING IN MY BEING INJURED. |
|----|----|

| 20 | Explain the circumstances that led to the damage or injury: THE UNPROFESSION MEDICAL CONDUCT JIM BARKER, WILLIAM P-86703 BY BOTH CND. MR. OSEMWINGIE & CNA. MRS RAMISCAL ON 3-3-15 AND 3-9-15 CLEARLY SHOWS THE DAMAGES AND THE INJURYS I SUFFERED BECAUSE OF THERE ACTIONS. |
|----|----|

| 21 | Explain why you believe the state is responsible for the damage or injury: SEE ABOVE MENTIONED HEALTH CARE 602 #00 FILED IN REGARDS TO THIS MATTER. BOTH CN.A MRS. RAMISCAL & CNA OSEMWINGIE ARE STATE WORKERS WHO'S CONDUCT WAS SO AGEEGIS TOWARDS JIM BARKER, WILLIAM IT BOARDED AS CRIMINAL BEHAVIOR. |
|----|----|

| 22 | Does the claim involve a state vehicle? ◯ Yes ⊘ No |
|----|----|
|    | If YES, provide the vehicle license number, if known: |

## Auto Insurance Information

| 23 | N/A |
|----|----|

*Name of Insurance Carrier*

| N/A | | N/A | N/A | N/A |
|----|----|----|----|----|
| *Mailing Address*  N/A | | *City*  N/A | *State* N/A | *Zip* N/A |
| Policy Number:     N/A | | | Tel:  N/A | |
| Are you the registered owner of the vehicle?    N/A | | | ◯ Yes | ◯ No |
| If NO, state name of owner:    N/A | | | | |
| Has a claim been filed with your insurance carrier, or will it be filed?  N/A | | | ◯ Yes | ◯ No |
| Have you received any payment for this damage or injury?  N/A | | | ◯ Yes | ◯ No |
| If yes, what amount did you receive?    N/A | | | | |
| Amount of deductible, if any:    N/A | | | | |
| Claimant's Drivers License Number:  N/A | | Vehicle License Number:  N/A | | |
| Make of Vehicle:  N/A | Model:  N/A | | Year:  N/A | |
| Vehicle ID Number:  N/A | | | | |

## Notice and Signature

| 24 | I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72). |
|----|----|
|    | Barker W William    WILLIAM BARKER   Date: 3-9-15 |
|    | *Signature of Claimant or Representative*    *Printed Name* |

| 25 | Mail this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 400 R Street, 5th Floor, Sacramento 95811. |
|----|----|

**AFFIDAVIT FOR WAIVER OF GOVERNMENT CLAIMS FILING FEE AND FINANCIAL INFORMATION FORM**

*(Request for Permission to Proceed In Forma Pauperis)*

California Victim Compensation and Government Claims Board
P.O. Box 3035
Sacramento, CA 95812-3035

1-800-955-0045 • www.governmentclaims.ca.gov

**State of California**

**For Office Use Only**

**Claim No.:**

---

*I request a fee waiver so that I do not have to pay the $25 fee to file a government claim with the Victim Compensation and Government Claims Board. I cannot pay any part of the fee.*

**Claimant Information**

CDR.PRP-86703

**❶** BARKER,    WILLIAM    LUCAS    **❷** Tel: N A   CONTACT BY U.S. MAIL ONLY

Last name    First Name    MI

**❸** Claim Number (if known):

**Employment Information**

**❹** My occupation: N A

My employer: N A

N A    N A    N A    N A
Employer's Mailing Address    City    State    Zip

My spouse's or partner's employer: N A

N A    N A    N A    N A
Employer's Mailing Address    City    State    Zip

**❺** If you are an inmate in a correctional facility, please attach a certified copy of your trust account balance, enter your inmate identification number below and skip to step **㉓**.

Inmate Identification Number:   A.C.D.C.R # P-86703

**Financial Information**

**❻** I am receiving financial assistance from one or more of the following programs.   ☐ Yes   ☑ No

If no, proceed to step **❼** If yes, check all that apply, then skip to step **㉔**.

☐ SSI and SSP: Supplemental Security Income and State Supplemental Payments Programs

☐ CalWORKS: California Work Opportunity and Responsibility to Kids Act

☐ Food Stamps

☐ County Relief, General Relief (GR), or General Assistance (GA)

**❼** Number in my household and my gross monthly household income, if it is the following amount or less: N A

| | Number | Monthly family income | | Number | Monthly family income |
|---|---|---|---|---|---|
| **A** | 1 | $969.79 | **F** | 6 | $2,626.04 |
| **B** | 2 | $1,301.04 | **G** | 7 | $2,957.29 |
| **C** | 3 | $1,632.29 | **H** | 8 | $3,288.54 |
| **D** | 4 | $1,963.54 | **I** | There are more than 8 people in my family | |
| **E** | 5 | $2,294.79 | | | |

Add $331.25 for each additional person.

Number: N A    Total Income: N A

If you checked a box in step **❼** A through I, complete steps **❾** through **⓯**. Then skip to step **㉔**.

**❽** My income is not enough to pay for the common necessities of life for me and the people in my family, and also pay the filing fee.   ☐ Yes   ☑ No

If yes, fill in steps **❾** through **㉔**.



## Monthly Income and Expenses

| 9 | My gross monthly pay is: $ N/A | 10 | My income changes each month: | ☑ Yes | ☑ No |

| 11 | Number of persons living in my home: | N/A | N/A | 12 | Other money I get each month |

| | Name | Age | Relationship | Monthly Income | | | Source | |
|---|------|-----|--------------|----------------|---|---|--------|---|
| A | N/A | | | $ N/A | A | N/A | | $ N/A |
| B | N/A | | | $ N/A | B | N/A | | $ N/A |
| C | N/A | | | $ N/A | C | N/A | | $ N/A |
| D | N/A | | | $ N/A | D | N/A | | $ N/A |
| E | N/A | | | $ N/A | E | N/A | | $ N/A |
| F | N/A | | | $ N/A | F | N/A | | $ N/A |

| 15 | My total gross monthly household income: | $ N/A 0.00 | 13 | Total other money: | $ N/A 0.00 |

| 16 | My payroll deductions are: | N/A | N/A | 14 | My monthly income: | $ N/A 0.00 |

| A | N/A | $ N/A | E | N/A | $ N/A |
|---|-----|-------|---|-----|-------|
| B | N/A | $ N/A | F | N/A | $ N/A |
| C | N/A | $ N/A | G | N/A | $ N/A |
| D | N/A | $ N/A | H | N/A | $ N/A |
| | | | 17 | My total payroll deduction amount is: | $ N/A 0.00 |

| 18 | My monthly take home pay is N/A | $ N/A 0.00 | 19 | My net monthly income: | $ N/A 0.00 |

| 20 | I own or have interest in the following property: N/A |

| A | Cash N/A | | $ N/A | C: | Cars, other vehicles. and boats (List make and year) | | |
|---|----------|---|-------|----|------|---|---|
| B | Checking and savings (List banks): | | | | Property N/A | Value N/A | Loan Balance |
| | 1) N/A | | $ N/A | | 1) N/A | $ N/A | $ N/A |
| | 2) N/A | | $ N/A | | 2) N/A | $ N/A | $ N/A |
| | 3) N/A | | $ N/A | | 3) N/A | $ N/A | $ N/A |
| | 4) N/A | | $ N/A | D: | Real estate (List addresses) | | |
| | | | | | 1) N/A | $ N/A | $ N/A |
| | | | | | 2) N/A | $ N/A | $ N/A |

| 21 | My monthly expenses are: | | | | | |
|---|---|---|---|---|---|---|
| A | Rent or house payment | $ N/A | J | Installment payments (specify) | | |
| B | Food and household supplies | $ N/A | | 1) N/A | | $ N/A |
| C | Utilities and telephone | $ N/A | | 2) N/A | | $ N/A |
| D | Clothing | $ N/A | | 3) N/A | | $ N/A |
| E | Laundry and cleaning | $ N/A | | Total installment payments: | | $ N/A 0.00 |
| F | Medical and dental | $ N/A | K | Wage assignment or withholdings | | $ N/A |
| G | Insurance | $ N/A | L | Spousal or child support | | $ N/A |
| H | School, child care | $ N/A | M | Other: | | |
| I | Transportation and auto expenses | $ N/A | | 1) N/A | | $ N/A |
| | | | | 2) N/A | | $ N/A |
| | | | | Total other expenses: | | $ N/A 0.00 |

| 22 | N/A | Total monthly expenses: | $ N/A 0.00 |

| 23 | I have attached other information that supports this application on a separate sheet. | ☑ Yes | ☑ No |

## Signature Section

| 24 | *I declare under penalty of perjury under the laws of the state of California that the information on this form and all the attachments is true and correct.* |

| Barbara, W ebb | 3-9-15 |
|---|---|
| *Signature of Claimant* | *Date* |

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| BARKER | WILLIAM | P-86703 | Barker Willie |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ___ TO ___ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| C-2 53151 | T.M.D | | GOVERMENT CLAIM FORM NOT PROCESSED |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

ON 4-20-16 I'M BARKER, WILLIAM P86703 RECIEVED MAIL BACK UN-PROCESSED. THE MAIL CONSISTED OF A FERM 22 DATED 3-9-15 AND GOVERMENT CLAIMS PAPPER WORK ALSO DATED 3-9-15 THAT WAS ORIGINALLY SENT TO C.H.C.F TRUST OFFICE IN ORDER TO GET A STAMPED COPY OF MY TRUST ACCOUNT IN ORDER TO FILE GOVERMENT CLAIMS PAPPER WORK. THIS PAPPER WORK WASN'T PROCESSED. C/O XONG-XCHOI PLEASE SIGHN THIS FORM 22 VERIFYING YOU GAVE ME THIS UN PROCESSED GOVERMENT CLAIM FORM DATED 3-9-15 AND ALL ATTACHED PAPPER WORK.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) ** NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL: ADDRESSED TO: C/O XONG-XCHOI    DATE MAILED: 4-20-16

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| C/O Xong Chea | 4/21/16 | | (CIRCLE ONE)   YES   NO |

| IF FORWARDED – TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|---|
| | | | (CIRCLE ONE)   IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Yor recieved Goverment Claim form from 3/9/15

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| BARKER, WILLIAM | | P-86703 | Barke Willmi |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM____ TO____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| D-FB-105 Low | TIMID | | COPY OF MY TRUST ACCOUNT FROM C.H.C.F TRUST OFFICE |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
PLEASE SEE ATTACHED GOVERMENT CLAIM FORM PAPPER WORK. I'M BARKER WILLIAM P-86703 D-FB-105 LOW IS REQUESTING A COPY OF MY TRUST ACCOUNT FORM C.H.C.F TRUST ACCOUNT WITH A STAMP ON THE TRUST ACCOUNT STATEMENT TO VERIFY IT CAME FROM C.H.C.F TRUST OFFICE. I'M REQUESTING THIS INTO TO BE ATTACHED TO GOVERMENT CLAIM FORM FEE WAIVER PAPPER WORK SO I CAN FILE A CLAIM WITH GOVERMENT CLAIM DEPT. IN SAC. CA. PLEASE RETURN GOVERMENT CLAIM FORM DATED 3-9-15 AND C.H.C.F TRUST STATEMENT TO ME WITH FORM 22 SO I CAN PROCESS THIS PAPPER WERE TO SAC. GOVERMENT CLAIMS DEPT.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**
☐ SENT THROUGH MAIL: ADDRESSED TO: C. H.C.F TRUST ACCOUNT OFFICE DATE MAILED: 3, 9, 15
☒ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| C/O REFUSED TO SIGN ON | 3-9-15 | | (CIRCLE ONE) YES **NO** |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| | | (CIRCLE ONE) IN PERSON **BY US MAIL** |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

S    E    R    V    I    C    E