UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKER, | No. 2:16-cv-3008 CKD P |
| Plaintiff, | |
| v. | ORDER |
| OSEMWINGIE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has paid the filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.
4       In order to avoid dismissal for failure to state a claim a complaint must contain more than
5  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
6  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
8  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
9  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
10 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
11 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
12 at 678.  When considering whether a complaint states a claim upon which relief can be granted,
13 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
14 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
15 U.S. 232, 236 (1974).
16      Plaintiff claims that two nurse assistants at California Health Care Facility were seriously
17 indifferent to his serious medical needs in violation of the Eighth Amendment.  In one alleged
18 incident, defendants moved plaintiff using a lift device.  The move caused plaintiff pain due to his
19 preexisting back problems and a bullet lodged in his pelvic region.  In the second incident, a
20 defendant left plaintiff sitting on the toilet for twenty minutes.  (ECF No. 1.)
21      Denial or delay of medical care for a prisoner's serious medical needs may constitute a
22 violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.
23 97, 104-05 (1976).  An individual is liable for such a violation only when the individual is
24 deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d
25 1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.
26 Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).
27      In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439
28 F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation.  See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Having reviewed the complaint and attachments in light of the above standard, the undersigned concludes that plaintiff does not state an Eighth Amendment claim against either defendant.  At most, he alleges negligence by prison medical staff.  For these reasons, the complaint will be dismissed.  However, plaintiff will have the opportunity to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

3

1    Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, plaintiff's amended complaint must allege in

2    specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C.

3    § 1983 unless there is some affirmative link or connection between a defendant's actions and the

4    claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976).  Furthermore, vague and conclusory

5    allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

6    Regents, 673 F.2d 266, 268 (9th Cir. 1982).

7         In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8    make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

9    complaint be complete in itself without reference to any prior pleading.  This is because, as a

10   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

11   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14        In accordance with the above, IT IS HEREBY ORDERED that:

15        1. Plaintiff's complaint is dismissed; and

16        2. Plaintiff is granted thirty days from the date of service of this order to file an amended

17   complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

18   Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

19   assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

20   two copies of the amended complaint; failure to file an amended complaint in accordance with

21   this order will result in dismissal of this action.

22   Dated: January 27, 2017

23                                              _____
                                                CAROLYN K. DELANEY
24                                              UNITED STATES MAGISTRATE JUDGE

25

26

27   2 / bark3008.14.new

28