UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKER, | No. 2:16-cv-3008 CKD P |
| Plaintiff, | |
| v. | ORDER |
| OSEMWINGIE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is defendants' bill of costs (ECF No. 76), which plaintiff opposes (ECF No. 77).

I. Procedural History

On December 23, 2016, the court received plaintiff's pro se, original complaint. (ECF No. 1.) The complaint cited both 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) (id. at 3-5), and on screening was dismissed with leave to amend for failure to state a claim (ECF No. 4). Counsel for plaintiff appeared shortly thereafter (ECF No. 5) and filed a first amended complaint (ECF No. 7.). The first amended complaint asserted claims under Title II of the ADA, 42 U.S.C. § 12132; Section 504 of the Rehabilitation Act (RA) of 1973; California's Disabled Persons Act (DPA), Cal. Civ. Code §§ 54.1, 54.3; the Unruh Civil Rights Act (URCA), Cal. Civ. Code §§ 51, 52; and 42 U.S.C. § 1983. (ECF No. 7.) Before the court could screen the

1

first amended complaint, plaintiff moved to file an amended complaint that added a claim under Title V of the ADA, 42 U.S.C. § 12203.  (ECF No. 8.)  The motion to amend was granted and defendants were ordered to respond to the second amended complaint.  (ECF No. 11.)

Defendants responded to the second amended complaint by filing a motion to dismiss.  (ECF No. 32.)  The motion was granted and all claims, except the Eighth Amendment claim that defendants Osemwingie and Ramiscal misused the Hoyer lift, were dismissed without leave to amend.  (ECF Nos. 42, 46.)  Plaintiff then filed a third amended complaint[1] that contained only the Eighth Amendment claim that Osemwingie and Ramiscal misused the Hoyer lift.  (ECF No. 47.)  Defendants answered the complaint (ECF No. 49) and then moved for summary judgment after the close of discovery (ECF No. 63).  Summary judgment was granted (ECF No. 71), and defendants then submitted their bill of costs (ECF No. 76), which plaintiff opposes (ECF No. 77).

II.     Bill of Costs

Defendants have submitted a bill of costs which seeks reimbursement for their costs associated with taking plaintiff's deposition.  (ECF No. 76.)  Plaintiff objects and argues that "[a]lthough the Local Rules permit the prevailing party to *per se* tax costs, defendants in civil rights lawsuits in general, Americans with Disabilities Act claim in particular, must first show that the lawsuit was frivolous," and that plaintiff's claims were not frivolous.  (ECF No. 77 at 2 (citations omitted).)  Defendants argue that this case proceeded only under § 1983 and that they are not required to demonstrate the lawsuit was frivolous in order to recover costs for a deposition.  (ECF No. 78.)

III.    Discussion

A prevailing defendant under the ADA can recover attorney's fees and costs "only if the plaintiff's action was frivolous, unreasonable, or without foundation."  Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001) (citation and internal quotation marks omitted).  However, contrary to plaintiff's assertion, the award of costs in this case is not governed by the ADA.  While plaintiff did attempt to bring claims under the ADA, they were dismissed after

---

[1] The third amended complaint was erroneously captioned as the second amended complaint.

defendants filed a motion to dismiss for failure to state a claim and prior to the taking of plaintiff's deposition.  The cost of taking plaintiff's deposition is therefore not attributable to plaintiff's ADA claims and a different standard applies.  Id.

In civil rights actions brought under § 1983, a prevailing defendant is also prevented from recovering attorney's fees unless "the District Court finds 'that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" Hughes v. Rowe, 449 U.S. 5, 14 (1980) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).  However, unlike with claims brought under the ADA, this same standard does not apply to the award of *costs* to a defendant prevailing on a § 1983 claim.  Maner v. County of Stanislaus, No. 1:14-cv-1014 DAD MJS, 2016 WL 8730741, at *2-4, 2016 U.S. Dist. LEXIS 149964, at *5-10 (E.D. Cal. Oct. 28, 2016) (explaining why Christiansburg standard does not apply to costs awarded in a civil rights action under 42 U.S.C. § 1988); see also Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (requiring that a district court need only explain a refusal to deny costs under Federal Rule of Civil Procedure 54(d) in a § 1983 action).

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  "Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." Save Our Valley, 335 F.3d at 944-45 (citations omitted).  If the court declines to award costs to the prevailing party, it "must specify reasons for its refusal to award costs."  Ass'n of Mexican-Am. Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000) (citation omitted).  However, there is no need for the court to "specify reasons for its *decision* to abide [by] the presumption and tax costs to the losing party."  Save Our Valley, 335 F.3d at 945 (emphasis in original).  Reasons to refuse to award costs include "the losing party's limited financial resources; misconduct on the part of the prevailing party; the importance of the issues; the importance and complexity of the issues; the merit of the plaintiff's case, even if the plaintiff loses; and the chilling effect on future civil rights litigants of imposing high costs.  Id. (internal citations omitted).  A prevailing party's ability to recover costs under Rule 54(d)(1) is limited by 28 U.S.C. § 1920 and, in this District, by Local Rule 292.  28 U.S.C.

1 § 1920 (specifying taxable costs); L.R. 292(f) (same).

2     Plaintiff's only argument for why he should not be taxed costs in this case is based on inapplicable law, and he provides no evidence that any of the factors that would warrant denying the award of costs exist. He has therefore failed to overcome the presumption in favor of the award.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to defendants' bill of costs (ECF No. 77) are overruled.

2. Defendants' bill of costs is approved, and costs are awarded in the full amount of $1,091.10.

Dated: April 21, 2020

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:bark3008.costs

4