UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BARKER,<br><br>       Plaintiff,<br><br>   v.<br><br>OSEMWINGIE, et al.,<br><br>       Defendants. | No. 2:16-cv-3008 JAM CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff is a California prisoner proceeding with counsel. Judgment was entered on March 19, 2020 and plaintiff appealed. On November 29, 2021, the Ninth Circuit affirmed the entry of judgment except the court vacated the dismissal of plaintiff's claims arising under the Title II of the Americans with Disabilities Act (42 U.S.C. § 12131 et seq.) and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 701 et seq.) for damages. While the Ninth Circuit agreed that plaintiff did not state a claim under the ADA or the RA in his second amended complaint, the Ninth Circuit found that the court should have offered plaintiff leave to amend and directed that the court do so upon remand.

   Plaintiff was granted leave to amend on March 4, 2022, pursuant to the terms of the Ninth Circuit's November 29, 2021, remand order. Plaintiff filed a third amended complaint on April 1, 2022. When the court screened the third amended complaint pursuant to 28 U.S.C. § 1915A(a) on April 7, 2022, the court found what appeared to be a material typographical error and granted

1   plaintiff leave to correct the error in a fourth amended complaint.  Plaintiff filed a fourth amended
2   complaint on April 12, 2022, and the error identified by the court in the third amended complaint
3   has been corrected.

4       The court now screens the fourth amended complaint pursuant to 28 U.S.C. § 1915A(a).
5   The court is required to screen complaints brought by prisoners seeking relief against a
6   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
7   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
8   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
9   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

10      The allegations in plaintiff's second and fourth amended complaints with respect to
11  plaintiff's claims arising under the ADA and RA are the same.  This being the case, the fourth
12  amended complaint must, under the terms of the Ninth Circuit's remand order, be dismissed for
13  failure to state a claim.  As it appears at this point that plaintiff cannot state a claim under the
14  ADA or the RA, giving leave to file a fifth amended complaint appears futile.

15      In accordance with the above, IT IS HEREBY RECOMMENDED that:
16      1. Plaintiff's fourth amended complaint be dismissed for failure to state a claim upon
17  which relief can be granted; and
18      2. This case be closed.
19      These findings and recommendations are submitted to the United States District Judge
20  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21  after being served with these findings and recommendations, plaintiff may file written objections
22  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings
23  and Recommendations."  Plaintiff is advised that failure to file objections within the specified
24  /////
25  /////
26  /////
27  /////
28  /////

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 1, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bark3008.14

3